1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

JUDITH JOHNSON,

CASE NO. C24-5927 BHS

Plaintiff,

9

v.

ORDER

10

SURFACE SERVICES, LLC et al.,

11

Defendant.

12

13        This matter is before the Court on plaintiff Judith Johnson's motion to remand this

14    unlawful detainer action to Pierce County Superior Court. Dkt. 7.

15        Johnson sued defendants John Hodges, Ashley Hunt, and the property's former

16    owner, Surface Services, LLC, for unlawful detainer on July 15, 2024, after she

17    purchased the property at a trustee's sale. Dkt. 1-3. Hodges removed the case here on

18    November 6, asserting that the Court has federal question jurisdiction because the amount

19    in controversy "exceeds $75,000." Dkt. 1-1 at 1. He also asserts that he was never served,

20    though he admits he saw a process server through a "ring camera." Dkt. 1-1 at 2.

21        The party asserting federal jurisdiction has the burden of proof to establish

22    jurisdiction. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp.

ORDER - 1

1    1196 (N.D. Cal. 1998). The removal statute is strictly construed against removal

2    jurisdiction, and the strong presumption against removal jurisdiction means that the

3    defendant always has the burden of establishing removal is proper. *Id.* at 1198. It is

4    obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v.*

5    *Miles*, 980 F.2d 564, 567 (9th Cir. 1992).

6          Johnson's motion is noted for December 13, but the Court will remand this case

7    *sua sponte* because the Court plainly does not have subject matter jurisdiction over it, and

8    Hodges's removal was both untimely and improper.

9          First, the amount in controversy requirement relates to diversity jurisdiction under

10   28 U.S.C. § 1332, not federal question jurisdiction under § 1331. The parties here are not

11   of diverse citizenship; the case is about Johnson's effort to remove Hodges from her

12   Tacoma home.

13          Second, the sole issue in an unlawful detainer action is possession of property.

14   There is no "amount in controversy." *See Green Tree Servicing, LLC v. Shoemaker*, 2005

15   U.S. Dist. LEXIS 36171, at *8–9 (W.D. Wash. July 15, 2005) (citing RCW 61.24.060).

16   The Court does not have diversity jurisdiction over the case.

17          Third, the Court does not have federal question jurisdiction over this case; there is

18   no federal question raised on the face of Johnson's complaint. Dkt. 1-3. Federal question

19   jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on

20   the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482

21   U.S. 386, 392 (1987). In determining the existence of removal jurisdiction based upon a

22   federal question, the Court must look to the Complaint as of the time the removal petition

1    was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations

2    omitted).

3         A defense (or counterclaim) is not part of a plaintiff's properly pleaded statement

4    of claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, "a

5    case may not be removed to federal court on the basis of a federal defense." *Franchise*

6    *Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).  The Court does not

7    have federal question subject matter jurisdiction over Johnson's unlawful detainer action.

8    To the contrary, the state court has exclusive jurisdiction over unlawful detainer

9    proceedings. RCW 59.12.050.

10        Finally, Johnson asserts that Hodges was served on July 15, 2024. He had 30 days

11   to remove the case, which expired long before his November removal. 28 U.S.C. §

12   1446(b). The removal was both improper and untimely.

13        Johnson's motion to remand is **GRANTED** and this matter is **REMANDED** to

14   Pierce County Superior Court. Hodges's *in forma pauperis* status is **REVOKED**.

15        The clerk shall close the case.

16        **IT IS SO ORDERED**.

17        Dated this 21st day of November, 2024.

18

19

20                          BENJAMIN H. SETTLE
                            United States District Judge

21

22

ORDER - 3